

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2003

# Melle v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3793

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Melle v. Comm Social Security" (2003). *2003 Decisions.* Paper 482.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/482

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 02-3793

————

CARL A. MELLE,

Appellant,

v.

JOANNE B. BARNHART,
Commissioner of Social Security

————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-CV-02083)
District Judge:  The Honorable Donetta W. Ambrose

————

Submitted under Third Circuit LAR 34.1(a)
Thursday, May 15, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed: June 4, 2003)

————

OPINION OF THE COURT

————

ALDISERT, Circuit Judge.

This is an appeal of a district court Order denying Appellant's Motion for Summary

Judgment seeking review of the decision of the Commissioner of Social Security under 42

U.S.C. § 405(g). We are required to decide if the Administrative Law Judge's (ALJ) decision was supported by substantial evidence and whether he committed reversible error by (1) including records relating to Appellant's son, Carl Melle, Jr., in the administrative record and (2) misidentifying the author of a functional capacity evaluation as Dr. Sinclair, when it was actually completed by Laura Ebbert, an occupational therapist.

The district court agreed that the ALJ erred in including the son's records, but ruled that Appellant waived the objection to the inclusion of these records by certifying through counsel that the administrative record was complete and accurate. The court recognized the second error as well, but concluded that the evaluation was consistent with the ALJ's finding that Melle could perform a limited range of light work.

We agree that no reversible error was committed and are persuaded that there was substantial evidence in the record to sustain the Commissioner's determination. Accordingly, we affirm.

Because we are writing only for the parties who are interested in this proceeding it is not necessary to set forth our discussion in depth.

## I.

We endorse the district court's observations on the critical issue before us:

> To begin with, the proper application of the "substantial evidence" standard is not whether there is substantial evidence of record to support Plaintiff's theory of the case, as Plaintiff seems to be suggesting. Rather, the proper application of the standard is whether the final decision of the Commissioner is supported by substantial evidence. Consequently, Plaintiff's argument is misplaced.

App. at 9 (citations omitted).

A reviewing court is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the correct law has been applied. 42 U.S.C. § 405(g); Monsour Med. Ctr. v. Heckler, 806 F. 2d 1185, 1190 (3d Cir. 1990), cert. denied, 482 U.S. 905 (1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perellas, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

We are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record, Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), regardless of whether we would have decided the factual inquiry differently. Id., Richardson, 402 U.S. at 401.

Evidence is considered "substantial" if it would justify a refusal to direct a verdict on an issue of fact for the jury. Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1996); Monsour, 806 F.2d at 1190.

## II.

As to Appellant's first contention, the ALJ did not solely rely on the records relating to Carl Melle, Jr. in rendering his decision and the ALJ was entitled to rely on Melle's counsel's assertion as to the accuracy of the record. The ALJ's determination was supported by substantial evidence divorced from any discrepancy between the report relating to the son and the numerous other records pertaining to the Appellant. The son's

3

report was just one of a number of the records reviewed and possibly relied upon by the ALJ in making his determinations. Accordingly, any error committed was harmless.

III.

As to the second argument, the misidentification of the author of a functional capacity evaluation did not create reversible error. The evaluation — in addition to all the remaining medical source opinions in the record — was consistent with the ALJ's finding that Melle could perform a limited range of light work. According, any error committed was again harmless.

IV.

After reviewing the record, we are persuaded that there was substantial evidence to establish that Appellant could perform the range of work suggested by the ALJ.

* * * * *

We have considered all contentions of the parties, including Appellant's due process claim, and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

4

_____

TO THE CLERK:

Please file the foregoing opinion.

                                    /s/ Ruggero J. Aldisert
                                       Circuit Judge